In the Matter of Herminia Colón De Semidey, etc. The People of Puerto Rico, Respondent and Appellee; Public Service Commission, Appellant.

No. 8296. Argued June 13, 1941.—Decided July 23, 1941.

248

*Tomás Torres Pèrez* for appellant. *George A. Malcolm, Attorney General,* and *Pablo Defendini, Deputy Assistant Attorney General,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

By an ordinance of May 28, 1937, approved by the Governor, the Public Service Commission of Puerto Rico granted to Herminia Colón, widow of Semidey, a revokable franchise for the use of 144 liters of water per second from a brook in connection with the operation of the sugar mill "Herminia" in the municipal district of Villalba. Section 5 of said ordinance reads as follows:

"Section 5.—Within thirty days from the approval of the present franchise by the Governor of Puerto Rico, the grantee must file with this Commission her acceptance in writing of this franchise and shall pay to the Treasurer of Puerto Rico the compensation fixed by this Commission in its order of May 13, 1932, and amendments thereto; and further she shall pay to the Treasurer of Puerto Rico all charges due on the water taken from this source, pursuant to the provisions of Ordinance No. 471, issued by the Public Service Commission of Puerto Rico on January 20, 1920."

On January 11, 1938, the grantee petitioned the Public Service Commission to amend section 5 of the franchise in the sense "that the petitioner is not bound to pay arrears of water taxes due by reason of former franchises, and that

she is only bound to pay such taxes as may be due on account of the present franchise.''

It was alleged in the application that by a deed of April 13, 1932, executed in her favor by the trustee in bankruptcy of ''Central Juliana, Inc.,'' the petitioner acquired, free from liens, all the properties of said corporation; that under the terms of the sale the petitioner and purchaser did not bind herself to pay any tax due on any other franchise; that the Treasurer of Puerto Rico seeks to collect from her not only the taxes due by ''Central Juliana, Inc.,'' but also those left unpaid by Walter McK. Jones prior to 1932; that this is a new franchise, quite unrelated to any previous one; that the petitioner accepted the new franchise, including clause 5. but she specifically alleges that said clause was inserted *without her knowledge* and without such question having been discussed in any way, the petitioner being thus surprised; that the petitioner understood that such inserted clause would not prejudice her and that the same had been inserted as a mere formality of the commission; that had the petitioner been aware of the scope of said clause, she would not have accepted it at all and would have requested that the same be stricken out; that the Treasurer had had an ample opportunity to collect the water charges, either by demanding payment from McK. Jones or by intervening in the bankruptcy proceedings against ''Central Juliana, Inc.''; and that he should not take advantage of the mistake of the petitioner and compel her to pay what she did not owe.

The People of Puerto Rico opposed the requested amendment, (a) because the commission lacks power to relinquish any obligation contracted by the petitioner in favor of the People of Puerto Rico; (b) because the petition fails to show any justification whatsoever for the concession sought; and (c) because it is not true that the franchise issued to the petitioner is a new franchise granted to her irrespective of any former franchise, but on the contrary it is one granted partly,

in consideration of the payment of all the arrears of taxes due under the franchise granted pursuant to Ordinance No. 471 of January 20, 1920.

On July 19, 1939, the Public Service Commission granted the amendment sought. The People of Puerto Rico took an appeal to the District Court of San Juan which granted a supersedeas. In answer to the petition, the commission alleged that it had power to amend franchises under the provisions of the Organic Act, Section 60 of Act No. 70 of 1917 (Session Laws, vol. II, p. 432), and the doctrine laid down in *South P. R. Sugar Co.* v. *Muñoz*, 28 F. (2d) 820; P.U.R. 1929 B, p. 639.

After a hearing, the District Court of San Juan rendered judgment setting aside the order of the commission because the same was not supported by the evidence and was contrary to law. Thereupon the commission took the present appeal, and in support thereof it urges that the trial court erred: (1) In holding that the power to amend franchises is exclusively prospective; (2) in distinguishing between the People of Puerto Rico and the commission in matters of franchises; (3) in confounding an order fixing a rate schedule with a ruling to amend a franchise; and (4) in requiring proof on facts admitted by the interested parties.

We will consider the four assignments together.

■ The transcript of the stenographic notes taken at the hearing before the commission fails to show that evidence was heard in support of the allegations of the motion to amend the franchise. Said allegations involved, in our opinion, grave charges and accusations against the Public Service Commission, the investigation of which should have attracted the interest of the latter.

The terms of the franchise granted to Mrs. Semidey are so clear and precise that there can not be room for doubt as to the intention and meaning thereof. However, notwithstanding the thirty days granted for her acceptance of the

franchise after its approval by the Governor, and the fact that she accepted the same as approved, the grantee appeared six months after such acceptance and sought to be relieved from the obligation assumed by her under said clause 5 of the franchise. She based her application on the following alleged facts:

A. That at no time during the discussion of the franchise was the matter of arrears of taxes due under former franchises brought up or discussed.

B. That due to the procedure adopted in the discussion of the franchise and "the insertion of such condition without any previous knowledge thereof and without the same having been discussed in any way, everything contributed to her being surprised."

C. That the grantee understood clause 5 to have been inserted "as a mere formality of the Hon. Commission."

Upon the above facts, charging the commission with having resorted to practices which if proved would deserve our censure, no evidence whatever was submitted. At the hearing held to discuss the legal question raised by the People of Puerto Rico, as to whether or not the commission had power to make the amendment sought, the president of the commission expressed himself as follows: "If we rule that the commission has such power, and it decides to hear you, we will consider the question on its merits." On July 21, 1939, more than a year after discussing the legal question referred to, the commission, without hearing the parties or any evidence tending to substantiate the allegations of the application, granted the same, relying exclusively on the report of its legal adviser.

It is a matter beyond dispute that the Public Service Commission has power to amend, alter or repeal grants of franchises. *South Porto Rico Sugar Co. v. Muñoz, supra.* Section 39 of the Organic Act requires that all grants of franchises shall provide that the same shall be subject to amendment,

alteration, or repeal. Section 54 of Act No. 70 of 1917 contains similar provisions, and provides that the commission shall have power to amend, alter, or repeal any franchise that may have been granted by the Executive Council. The commission, however, can not exercise such powers capriciously or arbitrarily nor make orders or rulings that might affect rights vested under the franchise, without acknowledging to the interested parties all those rights which constitute due process of law. The legislator has laid down rules to be observed by the commission and accordingly it has been provided in Section 68 of Act No. 70, *supra,* among other things, that any testimony before the commission shall be taken down in writing; in section 78, that any party to the proceedings affected thereby may take an appeal; in section 79–82, that once an appeal has been taken, the commission becomes a party defendant, and that upon the filing of its answer the case is ready for hearing; in section 83, that it is the province of the court to determine whether or not the order appealed from is reasonable and in conformity with the law; in section 85, that upon an affirmative finding the court shall enter a decree dismissing the appeal and affirming the order; but that if it finds the order *to be unreasonable* or based upon *incompetent* evidence, or is otherwise contrary to law, the court may reverse the order or remand the case to the commission.

■ The Federal Supreme Court, in *Public Service Commission* v. *Havemeyer,* 296 U. S. 506, 517, 80 L. Ed. 357, affirming the judgment rendered by this Supreme Court (45 P.R.R. 677), defined the scope of the jurisdiction of the courts to review orders of the Public Service Commission, thus:

". . . . On the appeal the district court was not authorized to substitute for those of the commission its own views as to what action would be just or ought to be taken, or to perform any legislative, executive or administrative function. Its only jurisdiction was to decide upon the record certified to it by the commission whether the order was (1) reasonable, (2) in conformity with the law, (3) based

upon incompetent evidence. 'Reasonable' as here employed means 'not capricious,' 'arbitrary' or 'confiscatory.' Whether the order of cancellation was reasonable in the sense that it did not transgress permissible limits is a question of law . . . The permissible scope of the determinations and judgment of the court is significant. It may only decide the questions of law raised by the appeal and affirm or reverse the order or remand the record to the commission for further action. It is without authority to amend or modify an order of the commission. The jurisdiction and duties of the supreme court and Circuit Court of Appeals are similar in all respects to those of the district court. Neither has any power or function other than what is strictly judicial.''

 Is the order appealed from reasonable and in conformity with the law? Is such order based on competent evidence? Both questions must be answered negatively.

Upon the acceptance by the grantee of the franchise approved by the Governor, a contract was perfected between her and the People of Puerto Rico, the consideration therefor being the payments which the grantee undertook to effect by virtue of clause 5 sought to be canceled. From that moment the People of Puerto Rico became entitled to demand from the grantee the payment of the sums which the former grantees had failed to pay for water used for the benefit of the same sugar mill now owned by the grantee. In our view, it does not seem reasonable to permit the grantee to continue enjoying the benefits of the franchise and to release her from the performance of an obligation freely assumed by her in favor of the People of Puerto Rico. It was not error for the lower court to hold that the commission has no power to approve amendments retroactively to the injury of rights acquired by a third party. See 51 C. J. 64, 65, par. 118, 119. Nor was it error for it to hold that the order appealed from is void as having been rendered without any evidence to support it.

The contention of the appellant that it was error for the lower court ''to distinguish as between The People of Puerto Rico and the Public Service Commission in matters of fran-

chises," is without merit. The commission and the People of Puerto Rico are distinct and separate entities. The ownership of public waters is vested in the People of Puerto Puerto Rico, as provided by Sections 144 *et seq.* of the Civil Code. The power of the Public Service Commission to grant franchises, rights, privileges or concessions for the use of public waters *for private purposes* has been conferred on it by Section 52 of Act No. 70 of 1917, entitled "The Public Service Act of Puerto Rico." The People of Puerto Rico, as the owner of the public waters, has an interest in having any concession granted for their use conform to the law and that the same should not be altered or amended in such way as to affect the rights acquired by the People by virtue of the original franchise.

For the reasons stated the judgment appealed from must be affirmed and the case remanded to the commission for further proceedings not inconsistent with this opinion.

Mr. Justice Todd, Jr., took no part in the decision of this case.